Jose RAMIREZ, Petitioner–Appellant,

v.

IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent–Appellee.

No. 01–2256.

United States Court of Appeals, Sixth Circuit.

Feb. 26, 2002.

Before MOORE, COLE, and FARRIS,\* Circuit Judges.

### ORDER

Jose Ramirez appeals pro se from a district court judgment that denied his habeas corpus petition filed under 28 U.S.C. § 2241. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1998, Ramirez was convicted of federal drug offenses and sentenced to 136 months in prison. A detainer was filed with the Bureau of Prisons ("BOP"), which indicated that the Immigration and Naturalization Service ("INS") had initiated an investigation to determine whether he was subject to deportation. The detainer does not ask the BOP to retain custody of Ra-

mirez or to transfer custody to the INS. It merely requests notification prior to his release or in the event of his death or transfer. The detainer plainly states that it is for notification purposes only and that it does not limit the BOP's discretion regarding Ramirez's treatment in the prison system.

Ramirez filed his § 2241 petition against the INS, alleging that he was a citizen of the United States and that the BOP had denied him access to rehabilitative programs as a result of the detainer. A magistrate judge recommended that the petition be dismissed because Ramirez had not exhausted his administrative remedies and because he was in the custody of the BOP, rather than the INS. The district court adopted this recommendation in part, and dismissed the case on July 30, 2001, holding that it was unnecessary to reach the issue of administrative exhaustion, as Ramirez had not satisfied the custody requirement of 28 U.S.C. § 2241(c). It is from this judgment that Ramirez now appeals.

Upon *de novo* review, we conclude that the district court properly found that the INS did not have custody over Ramirez when his § 2241 petition was filed. In this regard, we note that Ramirez is incarcerated by the BOP as a result of his drug convictions. He is not in custody pursuant to immigration charges, and there is no evidence that the INS has initiated removal proceedings against him. Hence, the district court properly determined that it lacked jurisdiction over Ramirez's § 2241 petition against the INS. *See Prieto v. Gluch,* 913 F.2d 1159, 1163 (6th Cir.1990).

Ramirez argues that the INS is statutorily mandated to take an alien into custody if the alien has been convicted of possessing a controlled substance. *See* 28 U.S.C. § 1226(c)(1)(B). Thus, he argues that the INS detainer constitutes future custody which conferred habeas corpus jurisdiction on the district court. *See generally Preiser v. Rodriguez,* 411 U.S. 475, 487, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). However, the courts have continued to apply the reasoning in *Prieto* in cases decided after the enactment of the current version of § 1226(c)(1). *See, e.g., Belasco v. Snyder,* No. 99–3334, 2000 WL 227990, at *1 (8th Cir. Feb. 15, 2000) (unpublished), *cert. denied,* 531 U.S. 994, 121 S.Ct. 488, 148 L.Ed.2d 460 (2000). Moreover, the INS is only required to take certain aliens into custody after their release from prison, and the question of whether Ramirez is an alien or a United States citizen is still undecided. *See id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.